MEMORANDUM **
Romo-Anaya petitions for review of the Board of Immigration Appeals’ decision affirming the Immigration Judge’s removal order. Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), the Immigration Judge removed Romo-Anaya based on his conviction for violation of California Health & Safety Code § 11379(a), following his guilty plea to such a charge.
We apply the modified categorical approach to California Health & Safety Code § 11379(a) because it criminalizes conduct related to substances that are not controlled by the federal Controlled Substances Act, 21 U.S.C. § 802. See Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1078 (9th Cir .2007).
Under the modified categorical approach, we cannot confirm Romo-Anaya pleaded guilty to a crime related to methamphetamine. The administrative record contains an abstract of judgment and a felony complaint. The abstract of judgment does not specify the substance for which Romo-Anaya was convicted. Nor does the abstract of judgment include the phrase “as charged in the felony complaint,” or a substantially similar phrase. Therefore, we cannot rely on the felony complaint to determine whether Romo-Anaya’s crime related to a federally controlled substance. See United States v. Vidal, 504 F.3d 1072 (9th Cir.2007). Thus, the government has not satisfied its burden of proving by clear and convincing evidence that Romo-Anaya was convicted of a crime relating to a federally controlled substance. We conclude that the government has failed to prove that Romo-Anaya is a removable alien.
PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.